IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**KAHAN ALI HOGAN,**

        **Plaintiff,**

v.                                        **Case 2:23-cv-02747-SHL-cgc**

**PATRICK J. DANDRIDGE,**

        **Defendant.**

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO SET ASIDE DEFAULT JUDGMENT**

Before the Court are the following motions: Defendant's "Motion to Set Aside Default Judgment" (Docket Entry ("D.E.") #17)[1] ("Defendant's Motion"); Plaintiff's "Motion for Sua Sponte Restraining Order and for Certification to Atty General" (D.E. #20) ("Plaintiff's Motion"); and, Plaintiff's "Amendment to Motion for Sua Sponte Restraining Order and for Certification to Atty General" (D.E. #22) ("Plaintiff's Amended Motion"). Pursuant to Administrative Order 2013-05, the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion be GRANTED and that Plaintiff's Motion and Plaintiff's Amended Motion be DENIED.

---

[1] Defendant's motion refers to setting aside both the "*Clerk's Entry of Default* (ECF No. 15)" and a "default judgment." As discussed, *infra*, the Clerk of Court has entered a default, but no default judgment has been entered. Thus, the Court construes Defendant's motion as one to set aside the Clerk's entry of default.

1

## I.     Background

On November 27, 2023, Plaintiff Kahan Ali Hogan filed a *pro se* Complaint against Judge Patrick J. Dandridge of the Shelby County General Sessions Criminal Court, Division XIV, in his individual capacity. (D.E. #1)  Plaintiff alleges that Judge Dandridge is a state judicial officer who took unlawful actions to deprive him of his real property in violation of 42 U.S.C. § 1983.  (*Id.*)

On December 11, 2023, the Court's docket reflects that the summons was returned executed as to Dandridge.  (D.E. #8)  The proffered proof of execution is a United States Postal Service Domestic Return Receipt addressed to "The General Sessions Criminal Court, Attn: Judge Patrick Dandridge, 201 Poplar Ave LL 81, Memphis, TN 38103." (*Id.*)  It was signed on December 6, 2023 by Ronald Shotwell.  (*Id.*)

On January 25, 2024, Plaintiff filed a Motion for Default Judgment and supporting affidavit.  (D.E. #9, #10)  He also filed an Affidavit in Support of Request for Entry of Default. (D.E. #11)  On January 26, 2024, the Clerk of Court denied Plaintiff's Motion for Default Judgment because he had not filed a motion for entry of default.  (D.E. #12).

On February 1, 2024, Plaintiff filed a Motion for Entry of Default (D.E. #14), which the Clerk of Court granted on February 2, 2024 (D.E. #15)  On February 8, 2024, two Notices of Appearance were filed by Dandridge's counsel, who also filed a "Motion to Set Aside Default Judgment." (D.E. #17)  Defendant argues that he was not properly served pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and, thus, that the Clerk's entry of default should be set aside.

On February 26, 2024, Plaintiff filed a Response to Plaintiff's Motion for Entry of Default, which he titled "Motion to Deny to Set Aside Default Judgment," (D.E. #19) and later amended (D.E. #21).[2]  Plaintiff argues that there is no basis to the Clerk's entry of default to be set aside.

---

[2]   This document has been filed as a motion, but it contains a supplement to Plaintiff's Response, which is not a permitted filing pursuant to Local Rule 7.2.

## II. Proposed Analysis

### a. *Defendant's Motion*

Rule 55(a) of the Federal Rules of Civil Procedure provides as follows:

> When a party against who a judgment for affirmative relief has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). A default may be set aside for good cause shown. Fed. R. Civ. P. 55(c). Before reaching the question of whether good cause exists, the Court must determine whether service of process was proper, because, if it was not, the default should be set aside. *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6t Cir. 2003) (citing cases).

Rule 4(e) of the Federal Rules of Civil Procedure provides as follows:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Rule 4.04 of the Tennessee Rules of Civil Procedure similarly states that service shall be made "[u]pon an individual . . . by delivering a copy of the summons and of the complaint to the individual personally."[3] When a government official is sued under Section 1983 in his official capacity, he must be served by one of the methods of service upon an individual as set forth in Rule 4(e); service upon his institution is not sufficient, *see, e.g. Sheila Mikel v. Jennifer Nichols*, No. 1:20-CV-345, 2022 WL 18396308, at *7 (E.D. Tenn. Mar. 31, 2022); *Wallace Jones v. United States of America*, No 2:20-cv-02331-JTF-tmp, 2021 WL 9827736 (W.D. Tenn. Mar. 16, 2021).

Here, the summons was sent by mail to "The General Sessions Criminal Court," which is Judge Dandridge's place of business, and was signed for by Shotwell, who Judge Dandridge states is not an authorized or appointed agent to receive service of process for him. This method of attempting to serve Judge Dandridge does not comply with any of the methods set forth in Rule 4(e) of the Federal Rules of Civil Procedure. Thus, as Judge Dandridge has not yet been properly served, it is RECOMMENDED that the Clerk's entry of default should be set aside.

### b. *Plaintiff's Motion and Plaintiff's Amended Motion*

Plaintiff's Motion and Plaintiff's Amended Motion request that this Court enter injunctive relief on the basis of what he contends to be the entry of a default judgment. As already set forth, no default judgment has been entered in this case. Accordingly, it is RECOMMENDED that Plaintiff's Motion and Amended Motion be DENIED without prejudice.

---

[3] Rule 4.04 of the Tennessee Rules of Civil Procedure provides additional methods of service if the individual evades or attempts to evade service of process, which are not relevant here. *See* Tenn. R. Civ. P. 4.04(a).

### III. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion be GRANTED and that Plaintiff's Motion and Plaintiff's Amended Motion be DENIED.

**SIGNED** this 16th day of July, 2024.

                                             s/ Charmiane G. Claxton
                                             CHARMIANE G. CLAXTON
                                             UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**