IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KAHAN ALI HOGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:23-cv-02747-SHL-cgc |
| | ) |
| PATRICK J. DANDRIDGE, | ) |
| | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation on Defendant's Motion to Set Aside Default Judgment ("R&R"), filed July 16, 2024. (ECF No. 23.) In the R&R, the Magistrate Judge recommends that the Court grant Defendant Patrick J. Dandridge's Motion to Set Aside Default Judgment (ECF No. 17), and deny pro se Plaintiff Kahan Ali Hogan's Motion for Sua Sponte Restraining Order and for Certification to Atty General (ECF No. 20), and his Amendment to Motion for Sua Sponte Restraining Order and For Certification to Atty General (ECF No. 22). For the reasons below, the Court **ADOPTS** the R&R in its entirety.

## BACKGROUND

On November 27, 2023, Hogan filed his Complaint for Violation of Civil Rights against Judge Patrick J. Dandridge, a "judicial officer presiding in The General Sessions Criminal Court." (ECF No. 1 at PageID 4.) Hogan asserts that "the City of Memphis Public Works Division wishes to acquire his private property and primary place of abode located adjacent to five (5) vacant lots the City owns." (Id.) Hogan alleges that Judge Dandridge secretly colluded

with the "Court Supervisor Code Enforcement Division of Public Works" to extort and defraud him and to deprive him of the legal right to own and hold real property. (Id. at PageID 5.)

On December 11, 2023, Hogan filed a USPS return receipt that purports to demonstrate service upon Judge Dandridge. (ECF No. 8.) It is signed by "Ronald Shotwell." (Id. at PageID 20.) On January 25, 2024, Hogan filed a Motion for Default Judgment (ECF No. 9),[1] which the Clerk of Court denied because there had been no prior motion for entry of default (ECF No. 12). On February 1, 2024, Hogan field a Motion for Entry of Default. (ECF No. 14.) The Clerk of Court entered default the next day, noting that Judge Dandridge had failed to timely respond to the complaint and explaining that, "[f]or good cause shown, the court may set aside this request for entry of default, pursuant to Rule 55(c)." (ECF No. 15.)

On February 8, 2024, counsel appeared on Judge Dandridge's behalf and filed a motion to set aside the default judgment. (ECF Nos. 16, 17 & 18.)[2] In the motion, Judge Dandridge argued he was not properly served with the complaint, which warranted setting aside the default as "[e]ffective service of process is an absolute prerequisite to obtaining a default judgment against a plaintiff, and 'a court cannot enter a default if service was not proper.'" (See ECF No. 17 (quoting Jones v. United States, Civil No. 20-cv-2331-JTF-tmp, 2020 WL 9264593 at *3 (W. D. Tenn., December 17, 2020)).)

Hogan responded to that motion on February 26, 2024 (ECF No. 19), and filed an amendment to that response, styled as a motion, on March 8, 2024 (ECF No. 21.) On February 26, 2024, he filed his Motion for Sua Sponte Restraining Order and For Certification to Atty

---

[1] Hogan included two affidavits in support of his request for entry of default judgment. (See ECF Nos. 10 & 11.)

[2] Defendant's motion to set aside often uses the terms "default" and "default judgment" interchangeably. As is explained in more detail below, those are distinct acts under the Federal Rules of Civil Procedure, and only a default was entered here.

General. (ECF No. 20.) On March 8, 2024, he filed an amended version of that motion. (ECF No. 22.)

In the R&R, Magistrate Judge Claxton concludes that Hogan failed to effectuate proper service on Judge Dandridge, which warrants setting aside the default. (ECF No. 23 at PageID 71–72.) She also concludes that, because Hogan was never granted a default judgment, all of the relief he seeks pursuant to one having been entered should be denied. (Id. at PageID 72.)

### STANDARD OF REVIEW

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Hogan timely filed his objections to the R&R on July 30, 2024, although nothing in that document specifically objects to the Magistrate Judge's findings or conclusions. (ECF No. 24.)[3]

---

[3] On August 6, 2024, without leave of Court, Hogan filed an amendment to his objections. (ECF No. 26.) That amendment is untimely. Yet, even if the Court were to consider it, the analysis herein does not change. The basis of Hogan's supplemental objection is his mistaken assertion that the Clerk entered default judgment against Defendant. The Federal Rules of Civil Procedure provide that the clerk must enter default against a party who "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). A default judgment is a separate act done by the clerk or by the Court under Federal Rule of Civil Procedure 55(b). The Clerk entered a default against Defendant on February 2, 2024. (ECF No. 15.) Contrary to Plaintiff's repeated assertions to the contrary, default judgment was never entered against Defendant.

## ANALYSIS

The bulk of Hogan's response to the R&R is a recapitulation of the allegations in his complaint and further arguments in support of his claims. He also offers citations to case law that he argues support his claims that Judge Dandridge, among other things, defrauded him, conspired against him, and violated his Fourteenth Amendment rights. (See ECF No. 24.) He asserts that, in the R&R, Magistrate Judge Claxton "fails to meet her basic obligation to furnish full account of all argumentatively relevant matters to enable the Court to make an appraisal pursuant to the provisions of the Federal Magistrates Act, 28 U.S.C.S. Sec. 631 et seq. and therefore should be disregarded for lack of [jurisdiction] to [hear] Plaintiff motion for injunctive relief." (Id. at PageID 77.) He further alleges that "the instant case of intentional Constitutional tort inflicted upon him by the Defendant, a state of Tennessee employee[,] does in fact create a cause of action that is distinct from any other State Court remedy and there is no other adequate remedy at law in this case which gives rise to the issue of imprison of felony." (Id.)

What Hogan does not do, however, is specifically object to any of the findings of fact or conclusions of law in the R&R, which focuses on whether the default should be set aside. Most fundamentally, Hogan does not address Magistrate Judge Claxton's conclusion that his method of service on "Judge Dandridge does not comply with any of the methods set forth in Rule 4(e) of the Federal Rules of Civil Procedure," which forms the basis for her conclusion that the default should be set aside and that any relief Hogan seeks based upon a default judgment having been entered should be denied. (ECF No. 23 at PageID 72.) Magistrate Judge Claxton explained Hogan's manner of service and concluded that it failed to provide Judge Dandridge with the notice required under the Federal Rules. That unchallenged conclusion is not clearly erroneous. It also is not reversible even upon a de novo review.

Hogan also does not object to Magistrate Judge Claxton's finding that there has been no default judgment entered in this case. Nor does he object to her conclusion that he is not entitled to the relief he seeks in his motion and amended motion at ECF Nos. 20 & 22, based on the lack of a default judgment. Those findings are also not clearly erroneous. To the extent Hogan's non-specific objection is construed as specifically taking issue with Magistrate Judge Claxton's conclusions, that objection is rejected under de novo review as well.

## CONCLUSION

Given the reasoning above, the Court agrees, upon both clear error and de novo review, with the conclusion of the Magistrate Judge: Defendant's Motion to Set Aside Default Judgment should be **GRANTED** and Plaintiff's Motion for Sua Sponte Restraining Order and for Certification to Atty General and his amendment thereto should be **DENIED**. The Court therefore **ADOPTS** the Magistrate Judge's R&R in its entirety.

With the default now having been set aside, this matter may proceed on its merits.

**IT IS SO ORDERED,** this 6th day of August, 2024.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE