IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KAHAN ALI HOGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-02747-SHL-cgc |
| ) | |
| PATRICK J. DANDRIDGE, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation on Defendant's Motion to Dismiss (the "R&R"), filed July 3, 2025. (ECF No, 45.) In the R&R, the Magistrate Judge recommends that the Court grant Defendant Patrick J. Dandridge's Motion to Dismiss. For the reasons described below, the Court **ADOPTS** the R&R in its entirety and dismisses Kahan Ali Hogan's complaint with prejudice.

**BACKGROUND**

On November 27, 2023, Hogan filed his Complaint for Violation of Civil Rights against Judge Patrick J. Dandridge, a "judicial officer presiding in The General Sessions Criminal Court." (ECF No. 1 at PageID 4.) Hogan asserts that "the City of Memphis Public Works Division wishes to acquire his private property and primary place of abode located adjacent to five (5) vacant lots the City owns." (Id.) Hogan alleges that Judge Dandridge secretly colluded with the "Court Supervisor Code Enforcement Division of Public Works" to extort and defraud

him and to deprive him of the legal right to own and hold real property. (Id. at PageID 5.)[1]

In the R&R, Magistrate Judge Claxton concludes that the judicial rulings Judge Dandridge made that form the basis for Hogan's complaint are "at the very heart of a judge's judicial functions," and therefore were acts for which Judge Dandridge "enjoy[ed] absolute immunity." (ECF No. 45 at PageID 169.) The Magistrate Judge recommends dismissal of the case.

On July 17, 2025, Hogan filed Plaintiff's Response to Magistrate's Order to State a Cause of Action. (ECF No. 47.)[2] In that response, Hogan begins with the general assertion that dismissal is unwarranted here,

> where it appears beyond doubt that evidence exhibited with pre-trial pleadings proves a set of facts in support of his claim for trespass on the case which would entitle him to relief where conduct complained of is ex delicto, arising from a conspiratorial agreement and conspiratorial relationship reached an entered into with specific intent to harm the Plaintiff by and between the Defendant, Mr. Dandridge and a coconspirator, Mr. Proyer to subject the Plaintiff to deprivation of "rights, privileges and immunities" secured to him by the Constitution of the United States, Amend. 14 to "due process" and to the equal enjoyment of the protection under the laws as any citizen within the jurisdiction of th[e] U.S. and the right to acquire, hold and protect real and personal property.

(ECF No. 47 at PageID 193.) He then asserts that "[i]ndividual Defendants in a federal civil rights action brought under 42 USCS 1983 can assert qualified immunity only by showing they

---

[1] On August 6, 2024, the Court entered an Order Adopting Report and Recommendation which, among other things, set aside the default judgment previously entered against Judge Dandridge based on the fact that he was not properly served with the complaint. (ECF No. 27.)

[2] On July 9, 2025, Hogan filed a Motion for Summary Judgment, in which he asserts that he "is entitled to summary judgment in this case based on the fact that there are no material issues of material fact." (ECF No. 46 at PageID 173.) He later asserts in the motion that "[t]here has not been a hearing on the merits of the Complaint, a denial [of] 'due Process.'" (Id. at PageID 176.) The summary judgment motion otherwise summarizes the complaint, and includes filings from the Shelby County General Sessions Criminal Court that formed the basis for his lawsuit. Because the Court is adopting the R&R and dismissing the case, Hogan's summary judgment motion is **DENIED AS MOOT**.

2

acted in good faith and with probable cause[.]" (Id. at PageID 194.) Hogan elaborates on the applicability of qualified immunity, asserting that

> An Official is not entitled to a qualified immunity defense under the subjective test of 42 USCS Sec, 1983 if he acts with the malicious intention to cause a deprivation of Constitutional rights or other injury to a Plaintiff; under the objective test a public official is not immune from liability if he knew or reasonably should have known that the action he took within his sphere of responsibility would violate the Constitutional rights of the Plaintiff.

(Id. at PageID 195.)

## ANALYSIS

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Magistrate Judge Claxton concluded that "it is 'well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions,'" and that Judge Dandridge's issuance of the orders that Hogan objects to is a quintessential judicial function. (ECF No. 45 at PageID 169 (quoting Brookings v. Clunk, 389 F.3d 614, 617 (6th Cir. 2004).) As she explained, "[j]udicial immunity even extends to 'acts performed maliciously and corruptly as well as acts performed in bad faith or with malice,' as Plaintiff alleges occurred in this case." (Id. (quoting Brookings, 389 F.3d at 617).)

3

Rather than addressing the R&R's conclusion that Judge Dandridge is entitled to judicial immunity, Hogan's response instead focuses on qualified immunity, a different standard that is inapplicable to the actions allegedly taken here. Judicial immunity is an absolute immunity, whereas qualified immunity is, as the name suggests, qualified. The latter "shields government officials in the performance of discretionary functions from standing trial for civil liability unless their actions violate clearly established rights." DiLuzio v. Vill. of Yorkville, 796 F.3d 604, 608 (6th Cir. 2015).

On the other hand, "[t]he Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983," which is the foundation of Hogan's complaint. Brookings, 389 F.3d at 617 (citing Briscoe v. LaHue, 460 U.S. 325, 334 (1983)). Ultimately, "[i]t is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." Foster v. Walsh, 864 F.2d 416, 417 (6th Cir. 1988) (citations omitted).

Judicial immunity can be overcome in only two sets of circumstances: when claims relate to nonjudicial actions, that is, actions not taken in the judge's judicial capacity, or, if the actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11–12 (1991) (citations omitted). "[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him." Stump v. Sparkman, 435 U.S. 349, 356 (1978).

In focusing on qualified immunity, Hogan has neither alleged nor shown that Judge Dandridge took any actions in complete absence of all jurisdiction or that the actions Judge Dandridge took that form the basis for Hogan's complaint were not taken in the judge's judicial

4

capacity. Hogan asserts that Dandridge entered into a conspiracy with the Court Supervisor for Code Enforcement,[3] and caused letters to be sent to Hogan that informed him that his failure to appear in court may result in the issuing of a bench warrant for his arrest and other judgments or fines levied against him. (ECF No. 1 at PageID 6.) It is not entirely clear the role that Hogan is alleging Judge Dandridge played in this conspiracy beyond the vague allegation that he was receiving a kickback. Nevertheless, to the extent he is alleging that Judge Dandridge was behind the mailings that informed Hogan of proceedings against him, those are not the sort of acts that could be deemed to be outside the realm of his judicial duties. See, e.g., Norfleet v. Renner, 924 F.3d 317, 319 (6th Cir. 2019) ("Judges lack immunity for liability arising from non-judicial actions, say driving to and from work."); Guercio v. Brody, 911 F.2d 1179, 1182 n.2 (6th Cir. 1990) (explaining that absolute immunity is inapplicable, for example, to actions arising out of personnel decisions).

The court's rationale in Norfleet is helpful here, as it explained that, if a judge "ruled that an act amounted to a crime when it did not," he would not be acting in the complete absence of all jurisdiction, but instead would "merely [be] act[ing] in excess of jurisdiction and thus be immune from a § 1983 lawsuit challenging his decision." Norfleet, 924 F.3d at 319 (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 352 (1871)). Although Hogan is not always clear in articulating his allegations, that appears to be akin to what he is alleging Judge Dandridge did

---

[3] Although Hogan does not name the Court Supervisor for Code Enforcement as a defendant, it is likely that he, too, would have been entitled to the same absolute immunity for functions such as these. See, e.g., Foster, 864 F.2d 416, 417 (explaining that "a clerk who issues a warrant at the direction of a judge is performing a function to which absolute immunity attaches"); Denman v. Leedy, 479 F.2d 1097, 1098 (6th Cir. 1973) (acts performed by a clerk within the scope of his official quasi-judicial duties are entitled to immunity).

here.  Ultimately, those actions Hogan points to are clearly within the realm of those for which Judge Dandridge enjoys absolute judicial immunity.

## CONCLUSION

Given the reasoning above, the Court agrees, upon de novo review, with the conclusion of the Magistrate Judge: Defendant Patrick J. Dandridge's Motion to Dismiss Complaint should be **GRANTED**.  The Court therefore **ADOPTS** the Magistrate Judge's R&R in its entirety.

The R&R does not specify whether it is recommending dismissal with prejudice, as Judge Dandridge requests in his Motion to Dismiss, or without prejudice.  Because the basis for dismissing the case is Judge Dandridge's absolute immunity, the case will be **DISMISSED WITH PREJUDICE**.  See Smith v. Lincoln, No. 24-1035, 2024 WL 5338140, at *2 (6th Cir. Sept. 18, 2024) (dismissing with prejudice claims dismissed based on immunity); Milstead v. Bedford Cnty. Sheriff's Dep't, No. 4:12-CV-52, 2014 WL 420395, at *9 (E.D. Tenn. Feb. 4, 2014) (finding that all claims dismissed against a judge based on immunity must be dismissed with prejudice); Galka v. Cole, No. 10-11961, 2011 WL 3862327, at *2 (E.D. Mich. Aug. 31, 2011) (finding a dismissed claim against a judge entitled to absolute immunity must be dismissed with prejudice).

**IT IS SO ORDERED,** this 5th day of August, 2025.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE

6