IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KAHAN ALI HOGAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:23-cv-02747-SHL-cgc |
| PATRICK J. DANDRIDGE, | ) ) ) |
| Defendant. | ) |

**ORDER DENYING MOTION TO RECONSIDER**

Before the Court is Plaintiff Kahan Ali Hogan's Motion for Reconsideration of Adoption of Magistrate's R&R and Judgment Granting Dismissal of Claim for Failure to State a Claim Upon Which Relief Can be Granted Under 42 USC Section 1983 (ECF No. 50), and the Amendment to Motion to Reconsider Adoption of Magistrate's R&R and Reconsideration of Judgment (ECF No. 51). In those filings, Hogan asks the Court to reconsider its August 5, 2025 Order Adopting Report and Recommendation, and to set aside the judgment entered the same day. For the reasons that follow, Hogan's Motion is **DENIED**.

**BACKGROUND**

On November 27, 2023, Hogan filed his Complaint for Violation of Civil Rights against Judge Patrick J. Dandridge, a "judicial officer presiding in The General Sessions Criminal Court." (ECF No. 1 at PageID 4.) Hogan asserts that "the City of Memphis Public Works Division wishes to acquire his private property and primary place of abode located adjacent to five (5) vacant lots the City owns." (Id.) Hogan alleges that Judge Dandridge secretly colluded with the "Court Supervisor Code Enforcement Division of Public Works" to extort and defraud

him and to deprive him of the legal right to own and hold real property.  (Id. at PageID 5.)[1]

Magistrate Judge Charmiane G. Claxton entered a Report and Recommendation (the "R&R") on July 3, 2025, in which she concluded that Judge Dandridge's judicial rulings that provided the basis for Hogan's complaint are "at the very heart of a judge's judicial functions," and therefore were acts for which Judge Dandridge "enjoy[ed] absolute immunity." (ECF No. 45 at PageID 169.)  Judge Claxton therefore recommended dismissal of the case.

Hogan filed a response to the R&R on July 17, 2025, arguing that dismissal was not warranted.  The thrust of his argument was that Judge Dandridge was not entitled to qualified immunity.  (ECF No. 47.)  He asserted that "[i]ndividual Defendants in a federal civil rights action brought under 42 USCS 1983 can assert qualified immunity only by showing they acted in good faith and with probable cause" (id. at PageID 194), and asserted that Judge Dandridge was not entitled to qualified immunity because he acted with malicious intent to cause deprivation of Hogan's constitutional rights (id. at PageID 195).

In adopting the R&R, the Court rejected Hogan's objections, and explained that he failed to address the absolute immunity Judge Dandridge enjoyed for the actions that Hogan complained of.  In so doing, the Court explained that, unlike qualified immunity, "[t]he Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983," which is the foundation of Hogan's complaint.  (ECF No. 48 at PageID 199 (quoting Brookings v. Clunk, 389 F.3d 614, 617 (6th Cir. 2004).)  The Court further explained that "[j]udicial immunity can be overcome in only two sets of circumstances: when claims relate to nonjudicial actions, that is, actions not taken in the judge's judicial capacity, or, if the actions,

---

[1] On August 6, 2024, the Court entered an Order Adopting Report and Recommendation which, among other things, set aside the default judgment previously entered against Judge Dandridge based on the fact that he was not properly served with the complaint.  (ECF No. 27.)

"though judicial in nature, [are] taken in the complete absence of all jurisdiction." (Id. (quoting Mireles v. Waco, 502 U.S. 9, 11–12 (1991).) The Court concluded that, "[i]n focusing on qualified immunity, Hogan has neither alleged nor shown that Judge Dandridge took any actions in complete absence of all jurisdiction or that the actions Judge Dandridge took that form the basis for Hogan's complaint were not taken in the judge's judicial capacity." (Id. at PageID 199–200.) Ultimately, the Court concluded that, "[a]lthough Hogan is not always clear in articulating his allegations," the actions alleged "are clearly within the realm of those for which Judge Dandridge enjoys absolute judicial immunity." (Id. at PageID 200–01.)

In his Motion to Reconsider and the amendment thereto, Hogan argues many of the same grounds he articulated in his objections to the R&R, and uses much of the same language. But before he does so, he introduces a new argument, namely that Magistrate Judge Claxton mischaracterized some of the facts from his complaint and, in so doing, her R&R "give[s] rise to the issue of Misprison (sic) of felony where she has acted to conceal knowledge of the commission of a felony by clear and convincing evidence exhibit[t]ed by pretrial motions showing the factual actual existence of a confederacy, a combination, the purpose of which is to obstruct the due course of justice and the due administration of the laws[.]" (Id. at PageID 208.)

Ultimately, he "avers a prerequisite for relief is met in this instance where Defendant acted under color of state law in complete absence of jurisdiction of the subject matter or Plaintiff's person after dismissal of the underlying action." (ECF No. 50 at PageID 204.) He also asserts that Judge Dandridge "is a Principal in the ongoing commission of acts in furtherance [of a] conspiracy to violate Federal law prohibiting conspiracy against rights of the Plaintiff as of any citizen within the jurisdiction of the U.S. and the State of Tennessee . . . ." (Id. at PageID 206.) Hogan argues that "[a] federal district court has jurisdiction of an action to

3

restrain the enforcement of a local statute, ordinance or order of a local administrative body where it is alleged that the statute or order is violative of the Federal Constitution." (Id. at PageID 206.)

## APPLICABLE LAW

Although Hogan does not articulate the legal basis for his motion to reconsider, it would appear to be based in either Federal Rule of Civil Procedure 59 or 60.  Rule 59(e) establishes the timeline for filing a motion to alter or amend judgment, explaining that such a motion "must be filed no later than 28 days after the entry of the judgment."  There are four bases for securing relief under Rule 59(e): "if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  Michigan Flyer LLC v. Wayne Cnty. Airport Auth., 860 F.3d 425, 431 (6th Cir. 2017) (citing Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 616 (6th Cir. 2010)).  Rule 59(e) does not provide "an opportunity to re-argue a case," as with "a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision."  Id. (citations and quotations omitted).  "A motion to alter or amend allows 'the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'"  Puckett v. Ain Jeem, Inc., No. 1:23-cv-1143-STA-jay, 2024 WL 3451581, at *1 (W.D. Tenn. Apr. 16, 2024) (quoting Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008)).

Under Rule 60(b), there are six grounds through which "the court may relieve a party or its legal representative from a final judgment, order, or proceeding":

(1) mistake, inadvertence, surprise, or excusable neglect;

4

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

"A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal." GenCorp, Inc. v. Olin Corp., 477 F.3d 368, 373 (6th Cir. 2007) (citing Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989), for the proposition that "parties may not use a Rule 60(b) motion as a substitute for an appeal or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise."). Relief under the Rule is limited by the "public policy favoring finality of judgments," which "is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." Id. (citation modified).

## ANALYSIS

Hogan is not entitled to relief from the judgment under either Rule 59 or Rule 60. Before addressing the merits of his entitlement to relief under either of those rules, the Court first addresses Hogan's allegations regarding Judge Claxton, where he appears to accuse her of committing a crime, namely, misprision of a felony.

Misprision of a felony is described under 18 USCA § 4:

Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

Hogan alleges that Judge Claxton made false statements in the R&R "to influence the Court's decision to dismiss Plaintiff's valid claim for injunctive and declaratory relief pursuant to the statutory 'exception' to the Federal Anti-Injunction Act . . . ."  (ECF No. 50 at PageID 207.)

Hogan does not explain how Judge Claxton could have concealed from the undersigned the allegedly felonious actions of which Hogan complained in this lawsuit.  Hogan appears to assert that the R&R includes a misstatement when it found that "Plaintiff's Complaint alleges that Patrick J. Dandridge, a Tennessee state court judge violated the United States Code Section 1983 ('Section 1983') by ruling against him in his lawsuit."  (ECF No. 50 at PageID 205.)  Hogan asserts that Judge Dandridge "did not in fact rule against the Plaintiff as the Magistrate states[,] where such lawsuit was terminated in Plaintiff's favor having been dismissed without cost."  (Id.)

To the extent that the Magistrate Judge concluded Judge Dandridge ruled against Hogan in the underlying lawsuit, Hogan did not challenge that conclusion in his objections to the R&R, instead focusing on whether Judge Dandridge was entitled to immunity for the allegations against him.  Moreover, as the Magistrate Judge noted in the R&R and the undersigned noted in its Order Adopting Report and Recommendation, Hogan was not always clear in articulating his allegation as to what Judge Dandridge did to violate his rights under § 1983.

Regardless, in the Order Adopting Report and Recommendation, the Court sifted through Hogan's allegations and addressed the allegations against Judge Dandridge that seemed to form the basis for Hogan's claims.  After doing so, the Court concluded that "Hogan has neither alleged nor shown that Judge Dandridge took any actions in complete absence of all jurisdiction or that the actions Judge Dandridge took that form the basis for Hogan's complaint were not taken in the judge's judicial capacity."  (ECF No. 48 at PageID 199–200.)  In other words,

whether Judge Dandridge ruled against Hogan in his underlying case was not the basis for this Court adopting the R&R.

Ultimately, although timely filed under Rule 59(e), Hogan's Motion fails to state an entitlement to relief under any of the Rule's provisions, or, for that matter, articulate which provision he is relying on. Regardless, there is no clear error of law, newly discovered evidence, or intervening change in controlling law. Nor has Hogan demonstrated manifest injustice under Rule 59.

"Although there is no general definition of manifest injustice, some courts find it 'requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.'" Woody v. Aurora Com. Corp., No. 15-CV-2747-SHM-tmp, 2018 WL 3589107, at *3 (W.D. Tenn. June 8, 2018), aff'd, 779 F. App'x 348 (6th Cir. 2019) (quoting McDaniel v. Am. Gen. Fin. Servs., Inc., No. 04–2667B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007)). Here, Hogan has not identified a fundamental flaw in the Court's decision, let alone one that would result in an inequitable result not in line with applicable policy. His allegation that the Magistrate Judge erroneously concluded that Judge Dandridge ruled against him does not change the fact that the Court concluded that Judge Dandridge was entitled to absolute immunity for all of the actions Hogan alleged in his complaint. Hogan is not entitled to relief under Rule 59.

Hogan is similarly not entitled to relief pursuant to Rule 60(b) based on mistake, inadvertence, surprise, or excusable neglect, or under Rule 60(b)(6)'s catchall provision. As a starting point, "Rule 60(b)(1) is 'intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the

7

final judgment or order.'" Anderson v. Parker, No. 21-2378-SHM-tmp, 2022 WL 3139766, at *5 (W.D. Tenn. Aug. 5, 2022) (quoting Cacevic v. City of Hazel Park, 226 F.3d 483, 490 (6th Cir. 2000)).

As noted, to the extent the Magistrate Judge concluded that Judge Dandridge ruled against Hogan, it is not clear that Hogan did not allege as much. But, even if he did not, the mistake was not a substantive one, as this Court analyzed all of the allegations Hogan asserted against Judge Dandridge and concluded that the judge was entitled to absolute immunity for those claims. The Court explained:

> Hogan asserts that Dandridge entered into a conspiracy with the Court Supervisor for Code Enforcement,[] and caused letters to be sent to Hogan that informed him that his failure to appear in court may result in the issuing of a bench warrant for his arrest and other judgments or fines levied against him. (ECF No. 1 at PageID 6.) It is not entirely clear the role that Hogan is alleging Judge Dandridge played in this conspiracy beyond the vague allegation that he was receiving a kickback. Nevertheless, to the extent he is alleging that Judge Dandridge was behind the mailings that informed Hogan of proceedings against him, those are not the sort of acts that could be deemed to be outside the realm of his judicial duties. See, e.g., Norfleet v. Renner, 924 F.3d 317, 319 (6th Cir. 2019) ("Judges lack immunity for liability arising from non-judicial actions, say driving to and from work."); Guercio v. Brody, 911 F.2d 1179, 1182 n.2 (6th Cir. 1990) (explaining that absolute immunity is inapplicable, for example, to actions arising out of personnel decisions).

(ECF No. 48 at PageID 200.) In other words, Judge Dandridge's immunity was not merely applicable to any rulings he made against Hogan, but rater is applicable to all of the actions Hogan alleges in his complaint. For that reason, Hogan is not entitled to relief under Rule 60(b)(1).

Rule 60(b)(6) also does not entitle Hogan to the relief he seeks. The Supreme Court has "consistently held that only 'extraordinary circumstances' can justify relief under the Rule 60(b)(6) catchall." BLOM Bank SAL v. Honickman, 605 U.S. 204, 206 (2025). Hogan does not cite language from Rule 60(b)(6)'s catchall provision, and, more important, fails to identify any

extraordinary circumstances that would warrant relief under the Rule. Given this failure, along with the public policy favoring finality of judgments, he is not entitled to relief under Rule 60(b)(6).

Consistent with the foregoing, Hogan's Motion for Reconsideration of Adoption of Magistrate's R&R and Judgment Granting Dismissal of Claim for Failure to State a Claim Upon Which Relief Can be Granted Under 42 USC Section 1983 (ECF No. 50) and the amendment thereto (ECF No. 51), are **DENIED**.

**IT IS SO ORDERED,** this 11th day of March, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
